THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY CONCEPTION ANDERSON, | CASE NO. C25-1705-JCC |
| Plaintiff, | ORDER |
| v. | |
| SNOHOMISH COUNTY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant's motion to disqualify Plaintiff as an attorney in this matter (Dkt. No. 11). For the reasons described below, the motion is DENIED without prejudice.

In support of its request for disqualification, Defendant relies in part on Washington's Rules of Professional Conduct, which bars a lawyer from advocating in matters where they may be a material witness. (*See id.* at 1–2) (citing RPC 3.7). But the rule's purpose is to protect against a conflict of interest—not to support blanket disqualification. *See* RPC 3.7 Comment 4 ("balancing is required between the interests of the [party seeking to represent themselves] and those of the [Court] and opposing party"); RPC Comment 8 (the rule does not divest discretion from the Court "in determining whether disqualification is truly warranted").[1] And at least for

---

[1] Nor is it clear whether disqualification here would represent a substantial hardship to Plaintiff. *See* RPC 3.7(a)(3).

ORDER
C25-1705-JCC
PAGE - 1

now, blanket disqualification does not appear necessary to balance the needs of all involved.

Defendant also points to authority for the proposition that the right to self representation does not *necessarily* apply when the party is also assisted by counsel—meaning it is not absolute in such an instance. (*See* Dkt. No. 19 at 1–4) (citing *U.S. v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *Lanigan v. LaSalle Nat. Bank*, 609 F. Supp. 1000, 1002 (N.D. Ill. 1985); *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982)). True, but this does not negate Plaintiff's general right to self representation, *see Faretta v. California*, 422 U.S. 806, 812–13 (1975), or this Court's discretion in assessing whether hybrid representation may be appropriate. *See U.S. v. Zafaranchi*, 2025 WL 1839890, slip op. at 1 (W.D. Wash. 2025) (citing *Halbert*, 640 F.2d at 1009). And, at least to date, Defendant fails to demonstrate how or why hybrid representation is impractical here.

Accordingly, the Court DENIES Defendant's motion to disqualify (Dkt. No. 11). As the case proceeds, Defendant may re-raise the issue but only if presented with an intractable barrier to its defense from such an arrangement *for which the parties are unable to resolve on their own*. In the meantime, though, the Court declines to prospectively disqualify Plaintiff from representing herself in this matter.

DATED this 15th day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE