THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY CONCEPTION ANDERSON,

                    Plaintiff,

        v.

SNOHOMISH COUNTY, *et al.*,

                    Defendants.

CASE NO. C25-1705-JCC

ORDER

This matter comes before the Court on Defendant Adam Cornell's motion to stay discovery pending disposition of a partial Rule 12(c) motion (Dkt. No. 28). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion to stay for the reasons explained herein.

Plaintiff is a former Snohomish County District Court *pro tem* judge. (Dkt. No. 1 at 2, 3, 12, 21.) Defendants include the County and some of its District Court Judges and Prosecuting Attorneys. (*Id.* at 4–5.) In her complaint, Plaintiff alleges that she was the sole black woman appointed as a County judge. (*Id.* at 3.) In response, Defendants discriminated against her, including filing blanket discriminatory RCW 3.34.110 disqualifications in matters Plaintiff would otherwise preside over. (*Id.* at 52–54.) This hampered Plaintiff's ability to serve as a District Court *pro tem* judge and undermined her campaign for a Superior Court judgeship. (*See generally id.*) As to Defendant Cornell, Plaintiff alleges that he, while acting as the County's

ORDER
C25-1705-JCC
PAGE - 1

elected Prosecuting Attorney from 2018–2022, authorized/approved a coordinated officewide blanket disqualification campaign. (*Id.* at 5, 52–54.) Plaintiff's complaint asserts state and federal claims against Defendant Cornell (and others) for discrimination and civil rights violations. (*See* Dkt. No. 1 at 44–54.)

In support of her claims, Plaintiff propounded to Defendant Cornell 15 Interrogatories and 16 Requests for Production. (Dkt. No. 30 at 58–77.) Shortly thereafter, Defendants collectively moved for partial judgment on the pleadings (Dkt. No. 24), arguing that any claim based on filing of an affidavit of prejudice is either barred by prosecutorial immunity or runs afoul of separation of powers. (*See id.* at 9–12.) Based on the outstanding Rule 12(c) motion, Defendant Cornell requested a stay of discovery from Plaintiff. (*See* Dkt. No. 30 at 2.) When Plaintiff declined, Defendant Cornell filed the instant motion (Dkt. No. 28). In support of his motion to stay, Defendant Cornell cites his allegedly limited role in this case and his likelihood of success on the merits, based solely on a prosecutorial immunity defense. (*See generally id.*)

The Court has broad discretion to stay a proceeding incidental to the inherent power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). However, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gary v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Defendant Cornell fails to make this showing. In determining whether to grant such a stay, the Court can consider a variety of factors, including whether Defendant Cornell has demonstrated "that the plaintiff's claim is unmeritorious; the breadth of discovery and the burden of responding to it; and the risk of unfair prejudice to the party opposing the stay." *Jensen v. Capital One Fin. Corp.*, 2024 WL 4554408, slip op. at 1 (W.D. Wash. 2024). These factors largely counsel against the stay Defendant Cornell seeks.

First, the discovery Plaintiff seeks, (*see* Dkt. No. 30 at 58–77), is not unduly broad or burdensome to Defendant Cornell. It appears reasonably tailored to the claims asserted against

ORDER
C25-1705-JCC
PAGE - 2

him (given his alleged leadership role in the campaign against Plaintiff). (*See generally* Dkt. No. 1.) Nor is it lost on the Court that Defendant Cornell is represented by the same County attorneys as other defendants in this matter. (*See* Dkt. No. 18.) This further alleviates any burden specific to Defendant Cornell. Second, Plaintiff's discrimination claim(s) and the resulting defenses are highly contextual. (*See generally* Dkt. Nos. 1, 17, 24.) Prosecutorial immunity, for example, is not as absolute as Defendant Cornell may argue it to be. *See, e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (noting that such immunity does not attach when not acting as an officer of the court); *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993) (distinguishing between protected and unprotected prosecutorial conduct). Thus, the Court cannot say *at this point* that Defendant Cornell has made the merits showing needed to avoid discovery. Third, Plaintiff's case is fact intensive and requires discovery to support her claims (and defeat raised defenses). And Defendant Cornell fails to provide the Court with assurance(s) that, if it were to take some time to resolve the Rule 12(c) motion, Plaintiff would still have sufficient time to gather the evidence needed to prosecute her claims (before the discovery cut off). Again, establishing a lack of prejudice (to Plaintiff from the proposed stay) *is Defendant Cornell's burden as the movant here*—not the other way around. Defendant Cornell fails to make this showing.

For the foregoing reasons, the motion to stay discovery (Dkt. No. 28) is DENIED.

DATED this 17th day of February 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1705-JCC
PAGE - 3