THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY CONCEPTION ANDERSON,

Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

Defendants.

CASE NO. C25-1705-JCC

ORDER

This matter comes before the Court *sua sponte*, following Defendants' motion for a partial judgment on the pleadings. (Dkt. No. 24.) In that motion, Defendants argue that prosecutorial immunity is a complete defense to claims involving the blanket use of RCW 3.34.110 affidavits of prejudice. (*Id.* at 9–12.) This argument raises issues of state law not yet clearly determined. Thus, the Court certifies the question(s) to the Washington Supreme Court, as articulated herein, in accordance with RCW 2.60.020.

To briefly summarize this case, Plaintiff is a former Snohomish County *pro tem* District Court judge. (Dkt. No. 1 at 2, 3, 12, 21.) Defendants are the County, along with certain of its Prosecuting Attorneys and District Court Judges. (*Id.* at 4–5.) Plaintiff alleges that she was the sole black woman to have served as a County judge (in any capacity). (*Id.* at 3.) In response (whether it be consciously or subconsciously), Defendants discriminated against her and spread falsehoods. (*Id.* at 22, 31, 37.) This included the Chief Deputy Prosecuting Attorney's decision,

ORDER
C25-1705-JCC
PAGE - 1

implemented by Deputy Prosecuting Attorneys, to file "blanket [RCW 3.34.110] affidavits against [Plaintiff] with the main goal of her being removed from the bench." (*Id.* at 4; *see id.* at 18–19.) Those affidavits were then "exploited to undermine [Plaintiff's] credibility and falsely portray her as unqualified" and "weaponized to discredit her qualifications" as a judge. (*Id.* at 4, 12.) This resulted in Plaintiff's effective removal from the *pro tem* District Court list and impinged her campaign for a Superior Court judgeship, which she ultimately lost. (*Id.*)

According to Plaintiff, certain Defendants (when implementing this office-wide policy) were motivated by discriminatory animus and/or implicit bias, rather than case-specific grounds for disqualification. (*See generally id.*) As a result, Plaintiff brings (amongst other claims) race and gender discrimination claims against the County and/or some of its Prosecuting Attorneys and District Court judges, along with invasion of privacy and defamation claims. (*See id.* at 44–54.)

In moving for partial judgment on the pleadings, Defendants argued that, to the extent any of Plaintiff's claims are based on their filing of RCW 3.34.110 disqualification notices, such claims are either barred by prosecutorial immunity or run afoul of separation of powers. (*See* Dkt. No. 24 at 9–12.) But the cases cited (by both parties) on the boundaries of prosecutorial immunity are not analogous to the allegations made in this case. (*See generally* Dkt. Nos. 24 at 9–12, 25 at 7–13, 26 at 1–4.) Nor is the Court separately aware of such authority, at least in a context such as this one. Thus, the Court sought supplemental briefing from the parties on the issue. (Dkt. No. 35.) Perhaps unsurprisingly, that briefing fared no better in elucidating what those boundaries may be. (*See generally* Dkt. Nos. 38, 40.) Accordingly, the Court concludes it is now wise to seek guidance on the issue from the Washington Supreme Court.

A federal court may certify a question of Washington law when "it is necessary . . . to dispose of such proceeding and the local law has not been clearly determined." RCW 2.60.020. The certification process serves the important judicial interests of efficiency and comity. Certification saves "time, energy, and resources and helps build a cooperative judicial

ORDER
C25-1705-JCC
PAGE - 2

federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).

There are several reasons to certify a question here. First, application of prosecutorial immunity to the County's use of RCW 3.34.110 disqualification notices would dispositively impact numerous asserted claims. (*See, e.g.*, Dkt. No. 24 at 9–11.) Second, no Washington court has yet addressed the issue square on, *i.e.*, the intersection of prosecutorial immunity with an officewide affidavit policy targeting a particular judge. *See, e.g.*, *Rodriguez v. Perez*, 994 P.2d 874, 880 (Wash. Ct. App. 2000) (prosecutorial immunity for investigatory acts); *McCarthy v. Cnty. of Clark*, 376 P.3d 1127, 1139 (Wash. Ct. App. 2016) (same); *In re Hall*, 339 P.3d 178, 180 (Wash. Ct. App. 2014) (use of RCW 4.12.040 affidavit of prejudice in a distinguishable context); *McCoy v. City of Sumas*, 18 Wash. App. 2d 1026 (Wash. App. 2021) (immunity for individual charging decisions). Third, this is a matter of statewide importance. It is not the first time a prosecutor's office defended such a policy by arguing for prosecutorial immunity. (*See, e.g.*, Dkt. No. 41 at 4–15.)

Accordingly, the following question is certified to the Washington Supreme Court:

> Does prosecutorial immunity bar claims predicated on use of an RCW 3.34.110 disqualification notice,[1] *regardless of the alleged circumstances*? For instance, does it apply even if there is evidence that the disqualification notice is motivated by discriminatory animus or bias towards a particular judge? Does it apply regardless of who makes the election (within a prosecutor's office) and/or whether it is in accordance with an office-wide or judge specific policy? Further, when does such immunity extend beyond the individual making the notice (such as to their superior and/or employer)?[2]

The Court does not intend its framing of this question to restrict the Washington Supreme Court's consideration of any issues it determines relevant. Moreover, the Washington Supreme Court may in its discretion reformulate the question, if it decides to consider it. *Affiliated FM Ins.*

---

[1] This Court invites the Washington Supreme to similarly consider the question in the context of RCW 4.12.050 disqualification notices (although it has no direct import to this matter).

[2] If Plaintiff later amends her complaint, as Defendants allege that she might, (*see* Dkt. No. 38 at 3), the Court will consider whether the certified question above must be revised. But such speculation is not a basis to delay certifying the question.

*Co. v. LTK Consulting Servs. Inc.*, 556 F.3d 920, 922 (9th Cir. 2009). Plaintiff shall file the opening brief on the certified question, in accordance with the Washington Rules of Appellate Procedure 16.16. The Clerk is DIRECTED to submit to the Washington Supreme Court a certified copy of this order; a copy of the docket in the above-captioned matter; and Docket Numbers 1, 17, 24, 25, 26, 27, 35, 38, 39, 40, and 41. The record so compiled contains the record material for consideration of the local law questions so certified.

Consideration of Defendants' motion for judgment on the pleadings (Dkt. No. 24) is STAYED until the Washington Supreme Court answers the certified questions. However, in the meantime, discovery shall continue. (*See* Dkt. No. 34.)

DATED this 3rd day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1705-JCC
PAGE - 4