THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY CONCEPTION ANDERSON,

Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

Defendants.

CASE NO. C25-1705-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to compel compliance with certain subpoenas *deuces tecum* (Dkt. No. 49). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion in part and DIRECTS Plaintiff to reissue the subpoenas and ORDERS the receiving third parties to comply with the revised subpoenas, as explained herein.

This is a defamation, false light, and discrimination case. (*See generally* Dkt. No. 1.) The Court previously described Plaintiff's allegations and claims. (*See* Dkt. No 34.) It will not repeat that information here. Plaintiff now asks the Court to compel certain third parties to comply with subpoenas Plaintiff issued that seek the recipients' electronic correspondence involving or referencing Plaintiff and/or her judicial candidacy, along with their correspondence with specified individuals (some of whom are parties in this matter.) (*See* Dkt. No. 49-1 at 5–23, 27–35, 38–47, 49–58.)

ORDER
C25-1705-JCC
PAGE - 1

The recipients concede, as they must, that Plaintiff is entitled to *some* production. (*See generally* Dkt. No. 51.) At issue, though, is the breadth of the production owed, given ambiguities presented by Plaintiff's propounded requests. (*See generally id.*) The subpoena recipients lodged an overarching objection to each subpoena following service, asserting that production would result in an "undue burden and expense." (Dkt. No. 49-1 at 87.)

After Plaintiff and the recipients met and conferred, Plaintiff moved for compliance with the subpoenas, as drafted. (*See id.* at 2; *see generally* Dkt. No. 49.)

As a preliminary matter Plaintiff now clarifies that the electronic production she seeks is limited to the recipients' "personal email and messaging accounts." (Dkt. No. 49-1 at 1.) But the subpoenas do not clearly say that. (*See generally, e.g.*, *id.* at 8–11.) Thus, the Court DIRECTS Plaintiff to reissue her subpoenas with this limitation clearly articulated (for each request for electronic information contained within the subpoena). With this addressed, the Court now turns to the recipients' substantive objections.[1]

The recipients first take issue with subpoena Requests 7–12. (*See* Dkt. No. 51 at 2–3) (citing, *e.g.*, Dkt. No. 49-1 at 10–11). The recipients say it is unclear whether Requests 8–12 are, in fact, subservient to Request 7 (*i.e.*, whether 8–12 enumerate examples of documents and information sought pursuant to Request 7) or are in addition to items sought in Request 7. (*See id.*) Frankly, it appears self-evident to the Court that numbers 8–12 are examples of the information sought in number 7 (meaning they are subservient). Nevertheless, the Court DIRECTS Plaintiff, when reissuing her subpoenas, to clarify the relationship between the aforementioned requests.

---

[1] As the Court so often states, it strongly disfavors discovery motions and prefers that parties resolve such disputes on their own. *See, e.g., Larson Motors Inc. v. Gen. Motors LLC*, 2023 WL 346623, slip op. at 1 (W.D. Wash. 2023); *PCF Ins. Serv. Of the West, LLC v. Fritts*, 2024 WL 3966735, slip op. at 1 (W.D. Wash. 2024). And here, it would certainly seem Plaintiff and the recipients could have resolved their discovery dispute through the meet-and-confer. But because this did not occur, the Court addresses recipients' substantive objections.

ORDER
C25-1705-JCC
PAGE - 2

The recipients next take issue with Request 5. (*See* Dkt. No. 51 at 2–3.) They say, as worded, the request is overbroad. (*Id.*) The Court must agree. While the permissible breadth of discovery is significant, *see Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994), it is not unbounded. Information sought must be relevant to the party's claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). And read literally, Request 5 seeks the production of a very broad swath of communications, namely, any e-mail and e-mail chain involving the subpoena recipient and certain individuals regardless of the subject matter. (*See, e.g.*, Dkt. No. 49-1 at 10.)

This goes beyond Rule 26, which limits obligated disclosure to information reasonably calculated *to lead to the discovery* of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). The Court strains to understand why production of e-mails and e-mail chains not discussing Plaintiff would lead to information which would assist Plaintiff in proving her case. For this reason, Request 5 must be narrowed to communications touching on Plaintiff in some manner. But once this request is so narrowed, it is largely duplicative of other requests. All that remains is Plaintiff' request for *e-mail chains* involving the same persons and/or subject matter. Thus, the Court DIRECTS Plaintiff, when reissuing her subpoena, to strike but to clarify in Requests 1–4 and 6 that they seek e-mail chains (in addition to e-mail), at least to the extent the subpoena recipient was copied on that chain (if not the original e-mail).

To summarize the rulings above: Plaintiff is DIRECTED to reissue her subpoenas to (1) clarify that only electronic communications using *personal* e-mail, text, and other messaging applications need be produced, (2) strike Request 5 and expand other requests to encompass e-mail chains, and (3) indicate whether Requests 8–12 are examples of the information sought in Request 7 (rather than additional communications sought). Once Plaintiff revises and reissues her subpoenas to incorporate these changes, the recipient is ORDERED to comply within 30 days (following service of the revised subpoena).

ORDER
C25-1705-JCC
PAGE - 3

So DATED this 1st day of June 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1705-JCC
PAGE - 4