THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY CONCEPTION ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>SNOHOMISH COUNTY, *et al.*,<br><br>Defendants. | CASE NO. C25-1705-JCC<br><br>ORDER |

This matter comes before the Court on the parties' outstanding discovery motions (Dkt. Nos. 58, 60). Having thoroughly considered the briefing and record, the Court DENIES Defendants' motion (Dkt. No. 58) and GRANTS in part Plaintiff's motion (Dkt. No. 60) as described herein.

The case is largely stayed, pending the Washington Supreme Court's answer to a certified question, although discovery here continues. (*See generally* Dkt. No. 42.) That has led to various disputes, including the present impasse. (*See, e.g.*, Dkt. Nos. 49, 57, 58, 60.) The Court described previously the allegations in this defamation, false light, and discrimination case, and will not repeat that same information here. (*See, e.g.*, Dkt. Nos. 34, 42.) In the instant motions, Defendants ask the Court to "remedy" Plaintiff's alleged violation of the protective order and to "take whatever steps necessary to ensure future compliance with the order." (Dkt. No. 58 at 8.) And Plaintiff asks the Court to compel production of material which Defendants either withheld

and/or claim not to possess. (*See generally* Dkt. No. 60.) As the Court often states, it strongly disfavors discovery motions and prefers that parties resolve such disputes on their own. *See, e.g., Wang v. Esurance Ins. Co.*, 2025 WL 254890, slip op. at 1 (W.D. Wash. 2025) (citing prior instances). Nevertheless, it recognizes the importance of discovery. Indeed, "the Federal Rules of Civil Procedure strongly favor full discovery." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). This, it addresses each motion below.

Defendants, in their motion, assert that, on May 19, 2026, Plaintiff violated the protective order by disclosing a series of redacted District Court *pro tem* lists that Defendants produced subject to the protective order here. (*See* Dkt. No. 58 at 6–7.) Specifically, Plaintiff attached them to a GR 31.1 administrative records request to the Snohomish County District Court (seeking similar lists). (*See* Dkt. No. 58 at 2–3.) Confusingly, though, Defendants included them twice in the same production: once with and once without a "CONFIDENTIAL" designation (although both times with the same Bates number). (*See* Dkt. Nos. 65 at 3, 67 at 4.) Defendants have not explained how or why this occurred. (*See generally* Dkt. Nos. 58, 67; *see, e.g.*, Dkt. Nos. 59 at 7, 28; 66 at 60).

Instead, they simply maintain that the lists were derived from Snohomish County District Court bench meetings and, as such, are confidential and not appropriate for public disclosure. (*See* Dkt. No. 58 at 9.) They also rely on the protective order's curative provision for such inadvertent failures to designate, suggesting that by redesignating them with the same Bates numbers, they complied with the confidential designations provision. (*See* Dkt. No. 67 at 4) (citing Dkt. No. 37 at 6). Defendants also note (and the Court agrees) that "best practices of course would have seen Defendant issue a letter to Plaintiff highlighting the error and redesignation and asking that the previous version . . . be destroyed or returned." (Dkt. No. 67 at 4.) But they admit "this did not occur" and indicate that their "oversight is the underlying reason for Defendants not seeking sanctions." (*Id.*) Instead, the simply ask the Court to enforce

compliance with the protective order now and in the future (presumably in this and other instances). (*See* Dkt. Nos. 58 at 8, 67 at 5–6.)

The Court is at pains to understand what exactly Defendants would have the Court do at this point. As Plaintiff notes, now that the GR 31.1 request has been made (and included the attachments at issue), the bell cannot be unrung. (*See* Dkt. No. 65 at 15–16.) According to Defendants, the request *itself* is now a public record. (*See* Dkt. No. 68 at 7.) Plaintiff cannot claw it back before doing what she should have done in the first place: challenging Defendants' designations pursuant to Section 6 of the protective order prior to disclosing the material. Thus, it would seem Plaintiff's error cannot be remedied. Nor would sanctions (if requested) be warranted in this instance, given the circumstances described above, which fall short of a clear and definite violation of the Court's order.[1] Nevertheless, Plaintiff is reminded to abide by all procedural aspects and provisions embodied by the protective order. Another failure to do so may result in sanctions.[2]

---

[1] "Civil contempt [ ... ] consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993).

[2] All that said, two of Plaintiff's arguments are not well taken and should be pointed out. <u>First</u>, Plaintiff contends that the lists which Defendants produced are the same as those received from the Snohomish County District Court, in response to other GR 31.1 requests. (*See* Dkt. No. 12–13.) But this does not appear to be so. Those lists contained more redactions than the ones in Defendants' production. (*Compare* Dkt. No. 66 at 19–34, *with* Dkt. Nos. 1-1 at 309–13, 66 at 43–56). So these documents are not the same. <u>Second</u>, Plaintiff suggests that the protective order's provision permitting disclosure to "the court, court personnel, and court reporters and their staff" applies to *any* court, including the Snohomish County District Court (through a GR 31.1 request). (*See* Dkt. No. 65 at 8–9.) Frankly, this interpretation strains credulity. It is readily apparent from the order's language (and certainly implied from its purpose, substance, and context) that the provision is limited to disclosures to *this* Court and its personnel and reporters. To suggest otherwise hints at bad dealing with the Court. Plaintiff is warned that use of inaccurate and/or misleading arguments will not be countenanced and may result in sanctions. *See Hudson v. Moore Bus. Forms*, Inc., 836 F.2d 1156, 1163 (9th Cir. 1987) (describing the Court's inherent authority to fashion sanctions for Rule 11 violations).

Turning to Plaintiff's motion, she asks to compel production of documents Defendants contend they do not possess, are non-responsive, and/or are privileged. (*See generally* Dkt. Nos. 60, 74.) Indeed, if a party inappropriately withholds or fails to answer a discovery request, the requesting party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1); *David v. Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). And the Court certainly has broad discretion to decide whether to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Although the movant must demonstrate that "the information it seeks is relevant and that the responding party's objections lack merit."[3] *Hancock v. Aetna Life Ins. Co.*, 321 F.R.D. 383, 390 (W.D. Wash. 2017). One this occurs, the burden of persuasion then shifts to the resisting party to demonstrate why production is not required.[4] *See S.E.C. v. Banc de Binary*, 2014 WL 5506780, slip op. at 3 (D. Nev. 2014). However, the movant must still "meaningfully develop[] argument as to each particular discovery response in dispute." *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, slip op. at 2 (D. Nev. 2019). The Court addresses each of Plaintiff's production demands, in turn, below.[5]

---

[3] Relevant information need not be admissible, but it must be reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

[4] A party responding to a discovery request may, amongst other options, submit objections to the request. *See* Fed. R. Civ. P. 45(d)(1)(B), (d)(3). Proper objections include irrelevance, *see id*. at 26(b)(1), unreasonable amount of time to comply, invasion of privilege, or undue burden, *see id*. at 45(d)(3)(A).

[5] Excluded from the discussion below is whether an order compelling the production of e-mails from Defendant Prosecuting Attorney Jason Cummings or a report from then Commissioner Leo is warranted. While Plaintiff moved for this relief, (Dkt. No. 60 at 15, 16), Defendants explained in response, that no such documents exist. (*See* Dkt. Nos. 68 at 4–6, 80 at 2–3) (citing Dkt. Nos. 63, 72). Plaintiff did not challenge this contention on reply (whether that be through evidence or argument). (*See generally* Dkt. No. 74.) Plaintiff's failure to make argument on reply makes Defendants' (and by extension Mr. Cummings') opposition unchallenged. *Cf. Velez v. Jack Sprats LLC*, 2020 WL 1845812, slip op. at 1 (D. Or. 2020) (discussing judicial approach to conceded arguments). Further excluded from the discussion below is references to documents produced by Defendants after Plaintiff moved to compel, as Plaintiff's request as to those items is clearly now moot. (*See* Dkt. No. 74 at 2.)

*i. Goodwin-Baldock Letter*

Plaintiff first asks to compel production of a February 2024 draft letter (and discussions of that letter). According to Plaintiff, it was penned by Defendant Snohomish County District Judge Jeffery Goodwin, with the assistance of Defendant Snohomish County District Judge Matthew Baldock. (*See* Dkt. No. 60 at 8.) According to Defendants, the judges drafted it collectively, in response to Plaintiff's inquiries regarding her removal from the *pro tem* list. (*See* Dkt. No. 68 at 7.) But they never sent it to Plaintiff. (*See, e.g.*, Dkt. No. 61 at 4.) Instead, Plaintiff learned of its existence (but not its specific contents) through Defendants' discovery responses. (*See id.* at 4–5.)

In declining to produce the document (and supporting documents), Defendants cite the attorney work-product doctrine. (*See* Dkt. No. 61 at 32, 44.) They explain that Judge Goodwin drafted it "in consultation with" other members of the bench, with the assistance of Snohomish County Deputy Prosecuting Attorney Steve Bladek. (Dkt. No. 68 at 7.) Judge Goodwin attests that Prosecuting Attorney Bladek "was providing legal advice to myself and the Snohomish County District Court Bench with regard to that letter" and that Judge Goodwin sought this advice based on the "belief that Plaintiff could eventually file suit." (Dkt. No. 71 at 2.)

In general, the attorney work-product doctrine prevents the discovery of materials prepared "in anticipation of litigation" by a party or its representatives. Fed. R. Civ. P. 26(b)(3)(A); *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (9th Cir. 2004). This rule "protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004).

But the party asserting immunity under the work-product doctrine bears the burden of showing that the withheld information was, in fact, prepared in anticipation of litigation. *Id.* at 549. And the simple "possibility of litigation . . . does not transform [certain communications] into attorney work product." *In re Novalpina Capital Partners I GP S.a.r.l.*, 773 F. Supp. 3d

1058, 1069 (D. Or. 2025). Further, the doctrine is not nearly as broad as the attorney-client privilege. For one, it does not apply to documents that would have been prepared anyway. *See In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 908 (9th Cir. 2004). Meaning, there is a "because of" requirement. *Id.* at 907.

Collectively, the record does not support the notion that the letter was *prepared* because of litigation. Rather, it would seem it *was not* sent based on this possibility. This is not the same thing and is not the standard for withholding production. *See In re Grand Jury Subpoena*, 357 F.3d at 907. Moreover, the work-product doctrine contains an implicit temporal requirement (to support the anticipatory element). *See Equal Rights Center v. Post Properties, Inc.*, 247 F.R.D. 208, 210 (D.D.C. 2008) (describing it as containing both "temporal and motivational component[]"). The letter was prepared some 15 months prior to Plaintiff filing suit—a significant amount of time to be anticipating litigation. Further, even if this were a dual-purpose document, *i.e.*, prepared both for litigation and non-litigation purposes, the primary purpose controls. *See, e.g.*, *Poole v. Progressive Direct Ins. Co.*, 2026 WL 1398967, slip op. at 3 (D. Nev. 2026) (citing *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021) And, again, given the timing and context, it seems unlikely litigation was the primary purpose for its preparation. Finally, the letter may still be subject to discovery if Plaintiff shows a "substantial need" for it and the inability to obtain it by other means. Fed. R. Civ. P. 26(b)(3)(A)(ii). That being said, instances where this type of production is required are limited[6] and, given the findings above, the Court need not wade into this consideration to find that production is required.

For these reasons, the Court FINDS the claimed privilege inapt, both for the letter and communications discussing the same. Defendants are ORDERED within 14 days to produce all

[6] When the Court orders disclosure of work product under this standard, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Such materials, known as "opinion" work product, represent the "core types of work product" the doctrine was designed to protect. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014).

versions of the letter (in unredacted form) and meeting notes and other communications in their possession associated with the letter (not yet produced in unredacted form).

*ii. Bench Meeting Materials*

Plaintiff also seeks to compel production of unredacted bench meeting communications touching on the reasons for her removal from the *pro tem* list or disciplinary actions taken (or not taken) against comparators. (*See* Dkt. No. 60 at 10–14.) In response, Defendants contend that GR 31.1 ordinarily shields such judicial records from disclosure. (*See* Dkt. No. 68 at 3.) As such, Defendants produced, to date, selected heavily redacted bench meeting minutes. This is not a permissible production. State public records laws, including GR 31.1, have no import to the discovery obligations contained within the Federal Rules of Civil Procedure. *See Moore v. Garnand*, 2024 WL 657095, slip op. at 3 (D. Ariz. 2024). Thus, Defendants are ORDERED within 14 days to produce (in unredacted form) any and all bench meeting minutes (draft and final) and executive session notes in their possession touching on the reasoning for Plaintiff's removal from the *pro tem* list and/or disciplinary matters involving comparators.

*iii. Other Communications*

Plaintiff also asks to compel the production of text messages and other communications involving Defendant Snohomish County District Judge Jennifer Rancourt relevant to the instant matter. (*See* Dkt. No. 60 at 15–16.) In response, Defendants contend that all responsive messages have been produced, to which they attach Judge Rancourt's declaration. (*See* Dkt. No. 68 at 5) (citing Dkt. No. 72). In reply, though, Plaintiff presents seemingly responsive communications (obtained elsewhere) not produced by Defendants, (Dkt. No. 75 at 62–66, 86–88), along with circumstantial evidence suggesting the existence of additional responsive documents, (*see* Dkt. No. 75 at 7–10, 69–83, 90–98). This suggests that Defendant's production on this request, to date, is not complete. Thus, Defendants are ORDERED within 14 days to produce text message strings in a form proposed by Plaintiff at Docket Number 60-1 at 6 along with the declaration described in that same proposal.

*iv. Attorney Fees and Expenses*

Finally, Plaintiff asks for Rule 37(a)(5) attorney fees and expenses in bringing her motion to compel. (*See* Dkt. No. 60-1 at 8.) The rule commands the Court to order such an award, so long as the failure to produce was not substantially justified or other circumstances would make such an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Although the award must be apportioned if the motion is, as is true here, partially granted. *See* Fed. R. Civ. P. 37(a)(5)(C).

Accordingly, within 14 days, Plaintiff's counsel shall file an accounting of fees and expenses incurred in bringing this motion, allocated between each of the requests discussed herein, along with the fees and expenses associated with the requests that Plaintiff later conceded or were mooted by subsequent production. Within 14 days thereafter, Defendants may lodge a brief in response. They may address both the reasonableness of the fees and expenses sought, along with argument (should they choose) whether their failure to previously produce was substantially justified and/or that such an award would be unjust. Within 7 days thereafter, Plaintiff may lodge a brief in reply.

So DATED this 24th day of September 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE