THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY CONCEPTION ANDERSON,

Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

Defendants.

CASE NO. C25-1705-JCC

ORDER

## I. BACKGROUND

This matter comes before the Court on Plaintiff's Motion for an Order to Show Cause as to non-party Washington State Representative April Berg (Dkt. No. 83.) Ms. Berg was previously served with a subpoena *duces tecum* in this matter. (*See* Dkt. No. 57–1 at 31–42.) She is not a party to this case, is not a lawyer, and, until recently, has been managing this matter without representation. (*See* Dkt. No. 91 at 2.) As a result, Ms. Berg's initial response to the subpoena was insufficient, so the Court granted Plaintiff's motion to compel. (*See* Dkt. No. 77 at 1–2.)

In response, Ms. Berg submitted a sworn declaration to Plaintiff, (Dkt. No. 91 at 2), and Plaintiff thereafter identified assertedly new deficiencies in production and certification. (*See* Dkt. No. 84 at 16.) Thus, Plaintiff now asks the Court to order that Ms. Berg show cause for the asserted deficiencies and, further, to order her electronic devices, accounts, platforms, and cloud

storage be subjected to a third-party forensic search at Ms. Berg's expense.[1] (*See* Dkt. No. 83 at 12–13).

## II. DISCUSSION

### A. Legal Standard

District courts have inherent authority to hold a person in contempt if they fail to obey a subpoena or related order without adequate excuse. *See* Fed R. Civ. P 45(g); *cf.* 18 U.S.C. § 401 (establishing bases for contempt orders, including "disobedience or resistance" to a lawful order).[2] But "[a] person should not be held in contempt if '"[their] action appears to be based on a good faith and reasonable interpretation"' of a court order. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). And a party alleging civil contempt must specifically, by clear and convincing evidence, show the alleged contemnor: (1) violated a court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order. *See id*. Substantial compliance "is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Id.*

### B. Required Attestation

In moving for an order to show cause, Plaintiff first contends that Ms. Berg's declaration is non-compliant with the Court's prior order to compel because Ms. Berg applied the "wrong [attestation] statute and wrong standard," (Dkt. No. 83 at 4), to her September 8 declaration by saying: "I declare under penalty of perjury under the laws of the State of Washington that the

---

[1] Plaintiff also asks the Court to reserve its authority to enter an adverse inference instruction if any further examination of Ms. Berg's electronically stored information shows that information was lost due to failure to preserve, and that she be awarded her costs and fees incurred in this matter. (*See* Dkt. No. 83 at 13.) For the same reasons that it denies the relief Plaintiff presently seeks, the Court similarly declines to so reserve.

[2] An adequate excuse, may include "non-existence or the inability to locate certain documents." *See Woodall v. Raygoza*, 2012 WL 1130607 slip op. at 1 (E.D. Cal. 2012).

foregoing is true and correct to my best knowledge and belief." (Dkt. No. 84 at 14.)

By way of comparison, Ms. Berg was required to say, in *substantially* the same form as: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). Technically, Ms. Berg's initial declaration was, indeed, noncompliant. But this is not dispositive. The purpose of a 28 U.S.C. § 1746 affirmation is to ensure the declarant understands the legal significance of their statement(s) and the potential for punishment if they make inaccurate statements. *See Pisciotti v. Brittingham*, 2022 WL 2392198, slip op. at 8 (W.D. Wash. 2022). Thus, a declaration adequately complies with § 1746 when it is signed under penalty of perjury and is based on personal knowledge, not mere information or belief. *See Columbia Pictures Indus., Inc. v. Pro. Real Est. Invs., Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991), *aff'd*, 508 U.S. 49 (1993). Again, Ms. Berg's initial invocation of Washington law is a technical violation.

Regardless, Plaintiff now concedes, (Dkt. No. 92 at 1), that this issue has already been remedied. (*See* Dkt. No. 91 at 5) (Ms. Berg's supplemental declaration).

**C. Adequacy of Search**

In addition to the certification discussed above, the Court also ordered Ms. Berg to:

> "produce any newly discovered document in her possession responsive to the June 26, 2026 subpoena (not yet produced) and to execute and return to Plaintiff a sworn declaration pursuant to 28 U.S.C. § 1746 describing the following: (1) the specific search terms used; (2) the accounts, devices, and platforms searched; (3) the date range searched; (4) whether deleted communications were searched and by what method; and (5) the basis for withholding any responsive document."

(Dkt. No. 77 at 2.) In moving for an order to show cause, Plaintiff alleges Ms. Berg failed to (1) use all of the search terms provided in the Amended Revised Subpoena (Dkt. No. 57–1 at 39–40); (2) certify the platforms searched, including whether it incorporated certain cloud accounts and backups records; (3) search through the date so specified in the subpoena; and finally (4)

describe in detail the search methods utilized.[3] (*See* Dkt No. 83 at 5–6.) These critiques have either been remedied or do not warrant the relief Plaintiff now seeks.

1. Search Terms

Ms. Berg was ordered to produce documents that relate to the following search terms used in the subpoena: "Mary Anderson," "Judicial Candidate," "Candidate for Judge," "Pro Tem Judge," "Pro Tem Anderson," "Mary C. Anderson," "info@electmaryanderson.com," and "mary@guidancetojustice.com or any known variants or aliases thereof." (Dkt. No. 57–1 at 39–40.) Plaintiff contends Ms. Berg has failed to comply with the order demanding compliance with the subpoena. (*See generally* Dkt. No. 83.)

The subpoena's language is less then precise. When Plaintiff listed the *platforms* she sought discovery from, she used the conjunctive "and," meaning, Ms. Berg was to search all of those platforms. (Dkt. No. 57–1 at 39.) Whereas, when Plaintiff listed what *terms* she wanted Ms. Berg to search, she used the disjunctive phrase "*or* any known variants or aliases thereof." (*Id.* at 40) (emphasis added). Plaintiff has demonstrated knowledge of the difference between "and" and "or."[4] Thus, the word "or" is given its plain meaning here: "used . . . to indicate an alternative." *Or*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/or (last visited November 2, 2026). Accordingly, Ms. Berg was not obligated to search every term Plaintiff listed.

It would be reasonable to conclude, from the subpoena, that Plaintiff provided a list of

---

[3] Plaintiff also claims that Ms. Berg's prior declaration contradicts an e-mail to Plaintiff dated July 15, 2026, where Ms. Berg said that she does not retain personal messages for multiple years. (*See* Dkt. No. 83 at 6.) This contention has no import to the instant motion, as an e-mail is not a court document. Regardless, Ms. Berg has since supplemented her declaration, rendering this issue moot. (*See* Dkt. No. 91 at 3.)

[4] Plaintiff elsewhere requested: "All emails *and* email chains . . . that mention, reference, discuss, concern, *or* otherwise relate in any way to Mary Anderson *and/or* Judicial Candidate Mary Anderson from any personal *or* legislative email account identified." (Dkt. No. 57–1 at 38) (emphasis added).

example terms that might be found in responsive documents. And Ms. Berg complied with this request. Regardless, even if the subpoena required more, Ms. Berg's search terms substantially complied with the Court's order. Ms. Berg's supplemental declaration (Dkt. No. 91) clears any doubt.

In its order (Dkt. No. 77), the Court did not give Ms. Berg a list of terms. It only ordered her to list "the specific search terms used." (*Id.* at 2.) Ms. Berg did just that,[5] and she explained that "they were the terms most likely to produce hits on any communication about Ms. Anderson or her Candidacy." (Dkt. No. 91 at 2.) Admittedly, Ms. Berg's exclusion of example terms was not the standard of thoroughness the Court expects to see of a party. But she is not a party. *Cf. Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery. . . . [T]here appear to be quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.") (cleaned up). And Ms. Berg's actions, far from being sanctionable, merely suggest that she exercised limited discretion to identify terms most likely to result in responsive communications. Said differently, Ms. Berg made a good faith and reasonable search for "known variants or aliases" of Plaintiff and her titles. (Dkt. No. 57–1 at 40).

Thus, no additional search terms are required of Ms. Berg.

2. Platforms and Deleted Communications Searched

Plaintiff next contends that Ms. Berg failed to comply with the Court's order by not adequately certifying the platforms searched and, further, that she engaged in an improperly selective search by manually typing terms in her device search bars (rather than performing a

[5] Those terms were: "Mary Anderson," "Pro Tem Anderson," the judicial candidate," "the candidate for position 17, "and candidate for Judge." (Dkt. No. 84 at 5.)

more exhaustive forensic search). (*See* Dkt. No. 83 at 5.) In support, Plaintiff looks to language in the subpoena to claim that Ms. Berg was required to certify and search: “SMS, iMessage, WhatsApp, Signal, Telegram, Facebook Messenger, Instagram DMs, and similar platforms.” (Dkt. No. 57–1 at 39.)

The subpoena included a request for: “Deleted, archived, or otherwise recoverable messages, backups, and copies stored on personal devices, personal cloud services, carrier records, or third-party providers.” (Dkt. No. 57–1 at 40.) And indeed, Ms. Berg’s initial declaration suggests that she limited her search to only three e-mail accounts, her iPhone, and her personal and legislative computers. (Dkt. No. 84 at 13.) Ms. Berg did not search beyond her devices or immediately accessible storage and did not certify the platforms she searched. (*Id.*) Thus, Ms. Berg’s initial certifications were facially non-compliant.

However, Ms. Berg’s supplemental declaration (Dkt No. 91) largely resolves any sanctionable deficiency or discrepancy. *Cf. Van Strum v. U.S. E.P.A.*, 892 F.2d 1048 at p. 7 (providing explanation for re-execution of affidavits defeated motion to strike.) First, Ms. Berg certified she searched text messages (including iMessage and SMS messages), e-mail accounts and, eventually, other messaging platforms (despite assertedly not regularly using them)[6] for relevant documents after Plaintiff singled out those platforms. (*See* Dkt. No. 91 at 3.) Second, Ms. Berg clearly did not understand the scope of the ordered search (her counsel has presumably informed her of this) and has offered to rectify her error by submitting her phone for forensic examination at Plaintiff’s expense. (Dkt. No. 91 at 5.) This is a clear example of good faith that undercuts any claim of contempt. Whether Plaintiff decides to take her up on the offer is Plaintiff’s decision to make. But the Court will not order Ms. Berg, a non-party, to undergo the

---

[6] Plaintiff provided evidence that Ms. Berg maintain(ed) a personal and a political campaign Facebook page. (*See* Dkt. No. 93 at 5). And Plaintiff contends that Ms. Berg failed to certify whether she searched Facebook *Messenger*. (Dkt. No. 83 at 5–6.) Even if true, this is a mere technicality, not warranting consideration by the Court.

expense of the examination herself.

Finally, Ms. Berg declared, under penalty of perjury, that she regularly deletes personal messages, including emails and text messages. (Dkt. No. 91 at 3–4.) Absent evidence to the contrary (and Plaintiff provides the Court with none), this adequately explains why any messages that might exist in other people's records (which Plaintiff repeatedly points out), (*see* Dkt. No. 83 at 7–8), do not appear in Ms. Berg's search results.

Thus, the Court will not order Ms. Berg to show cause why she failed to search these platforms.

3. Date Range Searched

Lastly, Plaintiff contends that Ms. Berg's search did not encompass the full breadth of the requested period (from March 1, 2023 to December 31, 2025). (Dkt. No. 83 at 5.) This deficiency is a textbook example of a technical violation that has already been rendered moot. First, the order required only that Ms. Berg *state* the date range she searched, (Dkt. No. 77), which she did. (Dkt. No. 84 at 13.) Second, Ms. Berg's search was not limited to the date(s) originally indicated—she has recognized and acted to correct the mistake in her supplemental declaration. (Dkt. No. 91 at 3.)

Therefore, no additional dates must be searched.

## III. CONCLUSION

For the reasons described above, Plaintiff's motion (Dkt. No. 83) is DENIED. That being said, Ms. Berg did offer to allow for a forensic examination of her device(s) at Plaintiff's expense. Thus, to the extent Plaintiff elects to do so, she is reminded of her duty (as both party and counsel) to limit any undue burden or expense to Ms. Berg of such an examination. *See* Fed R. Civ. P. 45(d)(1). This includes both bearing the cost of any forensic examination *and* not unreasonably intruding upon Ms. Berg's ability to perform personal functions with her devices

and/or accomplish her official duties as a state representative.[7]

DATED this 9th day of November 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[7] Plaintiff's request for reasonable costs and fees incurred in connection with the motion to compel and this motion under Federal Rule of Civil Procedure 45(g) is DENIED.